**Not for publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-1601

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN TAPLEY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Torruella, Stahl, and Barron,
Circuit Judges.

Jon A. Haddow and Farrell, Rosenblatt & Russell on brief for appellant.
Thomas E. Delahanty II, United States Attorney, and Renée M. Bunker, Assistant United States Attorney, on brief for appellee.

February 5, 2016

**STAHL**, <u>Circuit Judge</u>.   John Tapley pled guilty to possessing child pornography after having sustained a prior conviction for unlawful sexual contact with a minor, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).  Tapley's guilty plea was conditioned on his right to seek appellate relief from the district court's denial of his motion to suppress.  Discerning no error, we AFFIRM.

## I. Facts & Background

In January 2013, after experiencing technical difficulties with his laptop computer, Tapley left the computer for repairs at Computer Essentials, a repair shop in Ellsworth, Maine.  Shortly thereafter, a technician by the name of Robert Harriman was assigned to assess and repair the computer.

In the course of a routine diagnostic evaluation, Harriman discovered several pictures depicting young, but fully-clothed girls who appeared to Harriman to be under the age of ten, as well as a picture of an approximately fourteen to eighteen-year-old girl standing nude in a shower.  In reviewing Tapley's internet search history, Harriman discovered searches for topics such as "preteen porn."  Finding these items "disturbing," Harriman searched the Maine sex offender registry and determined that Tapley was on it.

Harriman contacted the Ellsworth Police Department and reported his findings to Officer Gil Jameson.  After consulting

with a detective, Officer Jameson determined that Tapley had not broken any laws. Officer Jameson called Computer Essentials and left a message with Harriman's manager informing Harriman of his conclusion. In an incident report, Officer Jameson wrote that "[t]he case can be closed."

Harriman remained "alarmed" by what he had seen and "did not feel comfortable" completing his work and returning the computer to Tapley. On his own initiative, Harriman conducted a further search of the computer, and this time found a set of videos appearing to depict young children performing sexual acts.

Harriman again called Officer Jameson with his findings. In turn, Officer Jameson spoke with Detective Alan Brown of the Hancock County Sheriff's Department. In short order, Detective Brown visited Computer Essentials and took possession of the laptop. Based on the information provided by Harriman, Detective Brown applied for, and received, a warrant to search the computer. That search resulted in Tapley's indictment for possession of child pornography.

In proceedings before the district court, Tapley moved to suppress the evidence against him, arguing that Harriman's second search had been performed in violation of the Fourth Amendment and that, absent the information provided by Harriman from that search, Detective Brown's search warrant lacked probable cause. On the report and recommendation of a magistrate judge,

the district court denied the motion to suppress, reasoning that Harriman had acted solely as a private citizen and not as an agent of the government. See United States v. Tapley, No. 1:14-cr-00080-JAW, 2014 WL 6679127, at *2 (D. Me. Nov. 25, 2014).

Tapley entered a guilty plea conditioned on his right to seek appellate review of the denial of his motion to suppress. See Fed. R. Crim. P. 11(a)(2). The district court later sentenced Tapley to a prison term of 120 months.

## II. Discussion

We review the district court's denial of a motion to suppress by means of a two-tiered inquiry. United States v. White, 804 F.3d 132, 136 (1st Cir. 2015). The district court's factual findings are reviewed for clear error, and its legal conclusions de novo. Id. A finding of fact will amount to clear error "only if, after considering all the evidence, we are left with a definite and firm conviction that a mistake has been made." United States v. Mousli, 511 F.3d 7, 11 (1st Cir. 2007) (quoting United States v. Ferreras, 192 F.3d 5, 9-10 (1st Cir. 1999)). "So long as any reasonable view of the evidence supports the decision, the district court's ruling will be upheld." United States v. McLellan, 792 F.3d 200, 212 (1st Cir. 2015).

"The Fourth Amendment's protection against unreasonable searches and seizures applies only to government action and not 'to a search or seizure, even an unreasonable one, effected by a

private individual not acting as an agent of the [g]overnment.'" United States v. Silva, 554 F.3d 13, 18 (1st Cir. 2009) (quoting United States v. Jacobsen, 466 U.S. 109, 113 (1984)). To determine whether a private party acts as an agent of the government, we consider three factors: (1) "the extent of the government's role in instigating or participating in the search"; (2) "its intent and the degree of control it exercises over the search and the private party"; and (3) "the extent to which the private party aims primarily to help the government or to serve its own interests." Id. (quoting United States v. Pervaz, 118 F.3d 1, 6 (1st Cir. 1997)).

Applying these criteria to the facts before us, we have little difficulty concluding that Harriman acted as a private individual and not as an agent of the government in searching Tapley's computer. As we have described, Harriman in fact undertook two separate searches. The first was indisputably in Harriman's capacity as a private citizen. As an employee of Computer Essentials, Harriman was assigned to assess Tapley's laptop, to diagnose the technical problems it was experiencing, and to conduct the necessary repairs. In the course of a routine evaluation, Harriman encountered the photographs of young children which prompted his initial telephone call to Officer Jameson.

The second search, on the other hand, was conducted after the initial contact with Officer Jameson, prompting Tapley to

- 5 -

contend that Harriman undertook this search as an agent of the government.  This argument is unconvincing when considered in light of the determinative factors.

There is no evidence suggesting that Harriman's second search was instigated by the government, or that the government participated in, or controlled, that search in any way.  To the contrary, Officer Jameson left a message for Harriman informing him that Tapley had not broken the law, and he made a note in his file indicating that "[t]he case can be closed."  In other words, as far as Officer Jameson was concerned, there was no further investigative work to be done.  But Harriman remained "alarmed" and "did not feel comfortable" returning the laptop to Tapley without further review of its contents.  Therefore, entirely on his own initiative and without the government's direction, control, or knowledge, Harriman undertook the second search.

We must also consider Harriman's intent in order to assess whether his primary aim was to help the government.  See Silva, 554 F.3d at 18.  The district court concluded, and we agree, that "Harriman's motive is difficult to discern."  Tapley, 2014 WL 6679127, at *2.  In a written statement provided to Detective Brown, Harriman indicated that, even after receiving the message from Officer Jameson that Tapley had not broken the law, he remained "alarmed" and "did not feel comfortable . . . releasing [the laptop] to Mr. Tapley."  Therefore, he "decided to look

- 6 -

further before [he] contacted Mr. Tapley and released [the laptop] to him."  The district court thus concluded that "whether Mr. Harriman searched the computer because of a strong personal belief, a desire to assist law enforcement, or a company policy, is not apparent."  Id.  We agree that there is simply not enough in the record to suggest that Harriman's aim was "primarily to help the government."[1]  Silva, 554 F.3d at 18; see also United States v. Cameron, 699 F.3d 621, 638 (1st Cir. 2012) (noting that the defendant bears the burden to show that the party conducting the search "did what it did to further the government's interest," even if the record does not reflect an alternative interest).

### III. Conclusion

For the reasons we have described, we conclude that Harriman acted as a private individual and not as an agent of the government in searching Tapley's computer.  Thus, there was no Fourth Amendment violation.  The district court's denial of Tapley's motion to suppress is AFFIRMED.

---

[1] We find Tapley's reliance on United States v. Barth, 26 F. Supp. 2d 929 (W.D. Tex. 1998), to be both factually and legally misplaced.  There, the court concluded that a computer repairman had acted as a government agent in searching the defendant's hard drive for child pornography, but the repairman was an FBI informant and he conducted his search while the government's investigation was ongoing.  Id. at 932-36.  What is more, Barth applied a two-factor test focusing on the government's knowledge or acquiescence and the private party's intent.  Id. at 935.  We expressly rejected this test as "oversimplified or too general" in Pervaz, where we adopted this Circuit's three-factor inquiry described above.  See 118 F.3d at 5-6.